

**SIGNED THIS 8th day of November, 2022**

*/s/ Rebecca B. Connelly*
Rebecca B. Connelly
UNITED STATES BANKRUPTCY JUDGE

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA

In re:
JO ANN MONGOLD,                              Chapter 13
    Debtor.                                   Case No. 22-50504

## ORDER AND NOTICE OF HEARING

On November 7, 2022, Jo Ann Mongold filed a chapter 13 petition *pro se*. *See* ECF Doc. No. 1. Based on a review of what has been filed in her case, the Court finds it necessary to hold a hearing on the following four issues: (i) Ms. Mongold's lack of eligibility to proceed as a debtor in this case based on the failure to complete prepetition credit counseling timely; (ii) Ms. Mongold's application to pay the filing fee in installments; (iii) Ms. Mongold's use of a bankruptcy petition preparer; and (iv) Ms. Mongold's failure to file a chapter 13 plan. For the reasons explained below, the Court will hold a hearing on December 15, 2022, by video using Zoom software to hear from the debtor on these issues.

*Prepetition Credit Counseling Requirement*

In Part 5 of the petition, Ms. Mongold checked the box that she received a briefing from an approved credit counseling agency within 180 days prior to filing the petition and that she received a certificate of completion. *See* ECF Doc. No. 1. The certificate filed with the Court

notes that the counseling was received by Ms. Mongold on November 8, 2021, a date more than 180 days prior to the filing of the petition in this case. *See* ECF Doc. No. 5.

To qualify as a debtor under the Bankruptcy Code, an individual must meet certain eligibility requirements. 11 U.S.C. § 109. Specifically, an individual may not be a debtor under the Bankruptcy Code "unless such individual has, ***during the 180-day period ending on the date of filing of the petition*** by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing . . . that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis." *Id.* § 109(h)(1) (emphasis added). To proceed as a debtor in this Court, therefore, an individual must complete the credit counseling briefing within the 180-day period ending on the date of the filing of the petition.

The Court does not have discretion to waive the credit counseling pre-filing requirement unless the circumstances fall within one of the statutory exceptions to this requirement, none of which have been asserted in this case. Based on the certificate of counseling filed, Ms. Mongold did not timely receive the required credit counseling within 180 days of filing the petition. It thus appears that Ms. Mongold is not eligible to proceed as a debtor in this case. It may therefore be appropriate to dismiss this case. The Court will hold a hearing to determine whether Ms. Mongold is eligible to proceed as a debtor in this case.

*Application to Pay the Filing Fee in Installments*

Along with her chapter 13 petition, Ms. Mongold filed an application to pay the filing fee in installments. *See* ECF Doc. No. 3. In her application, Ms. Mongold requests that she make four installment payments of $78.25.

The Court may permit a debtor to pay the filing fee in installments. Fed. R. Bankr. P. 1006(b). However, Ms. Mongold did not pay the filing fee in her previous case, case number 21-50560. Local Rule 1006-1 states that "[i]f the debtor(s) has failed to pay filing fees in a previous case before this Court, any application to pay a filing fee in installments or an application for an extension of time to pay the filing fee will only be granted after notice and hearing and then only for good cause shown." Accordingly, the Court will hold a hearing in this case to determine whether to grant the motion to pay the filing fee in installments. At the hearing, Ms. Mongold must be prepared to explain to the Court good cause for the granting of her request when she failed to pay the installments in her prior case.

*Use of a Bankruptcy Petition Preparer*

On her Declaration About an Individual Debtor's Schedules (Official Form 106Dec), Ms. Mongold notes that she paid Michael Rivera, who is not an attorney, to help her fill out bankruptcy forms. *See* ECF Doc. No. 1. Concurrently, Ms. Mongold filed the Bankruptcy Petition Preparer's Notice, Declaration, and Signature form (Official Form 119), in which Michael Rivera discloses he performed work for Ms. Mongold as a bankruptcy petition preparer. *See* ECF Doc. No. 4. On her Statement of Financial Affairs for Individuals Filing for Bankruptcy (Official Form 107), Ms. Mongold discloses that she paid "My Document Prep" $175 on November 4, 2022, for "Petition Preparation Fee." *See* ECF Doc. No. 1.

Based on a review of the petition and schedules, the Court has questions concerning whether Ms. Mongold was given any legal advice by the bankruptcy petition preparer. The Court will hold a hearing to inquire if any legal advice was given to Ms. Mongold by the bankruptcy petition preparer. *See* 11 U.S.C. § 110(e)(2) (prohibiting bankruptcy petition preparers from offering any legal advice).

*Failure to File a Chapter 13 Plan*

Ms. Mongold has not yet filed her chapter 13 plan. Federal Rule of Bankruptcy Procedure 3015(b) requires that if the chapter 13 plan "is not filed with the petition, it shall be filed within 14 days thereafter, and such time may not be further extended except for cause shown and on notice as the court may direct." Fed. R. Bankr. P. 3015(b). Furthermore, failure to file a chapter 13 plan timely constitutes cause to dismiss a chapter 13 case. *See* 11 U.S.C. § 1307(c)(3).

If Ms. Mongold has not filed her chapter 13 plan within fourteen days of her petition date (that is, if Ms. Mongold has not filed her chapter 13 plan by November 21, 2022), the Court shall hold a hearing to determine whether good cause exist to extend the time further or whether it is appropriate to dismiss the case for failure to file the chapter 13 plan

Accordingly, it is

**O R D E R E D**

That a hearing shall be held on **December 15, 2022, at 9:30 A.M. by video using Zoom software**. **Parties shall not appear in person. The parties may access the hearing using the following URL: https://vawb-uscourts-gov.zoomgov.com/j/1603692643. Alternatively, parties may log in to their Zoom account and join the meeting using Meeting ID number 160 369 2643.**

At the hearing on December 15, 2022, the Court will first consider whether Ms. Mongold is eligible to be a debtor in this case based on the lack of prepetition credit counseling. **If the Court determines that Ms. Mongold is not eligible, the case will be dismissed at the hearing.**

Second, the Court will consider whether to grant Ms. Mongold's request to pay the filing fee in installments and, if so, on what payment terms. At the hearing, Ms. Mongold must be prepared to explain to the Court good cause for the granting of her request.

Third, the Court will inquire whether Ms. Mongold received any legal advice from her bankruptcy petition preparer.

Fourth, if Ms. Mongold has not filed her proposed chapter 13 plan by November 21, 2022, the Court will hear whether good cause exists to extend the time to file the chapter 13 plan or whether it is appropriate to dismiss the case for failure to file the chapter 13 plan timely.

Copies of this Order are directed to be sent to the debtor; the chapter 13 trustee; and the Office of the United States Trustee.

**End of Order**